**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JOHN D. WOODARD,** | ) |
| | ) |
|    **Plaintiff ,** | ) |
| | ) |
|      **vs.** | )   **CAUSE NO.  1:10-cv-1679-WTL-TAB** |
| | ) |
| **GERBER SCIENTIFIC, INC., et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

**ENTRY REGARDING PENDING MOTIONS**

Various motions are pending in this case.  Each motion is now ripe for resolution and the
Court, being duly advised, rules as follows.

## I.  FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT

Plaintiff John D. Woodard is proceeding pro se in this matter.  He filed his complaint
using this court's form Employment Discrimination Complaint.  Woodard's complaint purports
to bring a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA").  Prior
to filing this case, Woodard filed a charge of discrimination with the Equal Employment
Opportunity Commission ("EEOC") asserting an ADA claim against Defendant Gerber
Scientific, Inc. ("Gerber") and obtained the requisite right to sue letter.

The facts asserted in Woodard's complaint are somewhat difficult to follow, but it is clear
that Woodard alleges that he had been receiving pension payments from Gerber, his former
employer, and that he was informed in January 2010 by Defendant Millman Benefits Service
Center ("Millman") that those pension payments were being suspended in light of a Domestic
Relations Order that had been received by Gerber.  Woodard asserts that this suspension of his
pension payments was improper and violates various laws and his constitutional rights.

## II. DISCUSSION

In his complaint, Woodard lists the defendant as "Gerber Scientific, Inc. and Participating Subsidiaries Pension Plan."  However, Woodard also filed a "Co-Defendants List" in which he names eight additional defendants.  Two of the named defendants, the Marion County Prosecutors Office and Deputy Prosecutor Amy Marrs, previously were dismissed.  All of the remaining defendants have now filed dispositive motions, each of which is resolved, in turn, below.

### A.  Gerber's Motion to Dismiss (dkt. no. 100) and Defendant Merrill Lynch's Motion to Dismiss (dkt. no. 102)

Gerber and Defendant Merrill Lynch, Pierce, Fenner & Smith  Incorporated ("Merrill Lynch") (whom Woodard has improperly named in his complaint as The Retirement Group at Merrill Lynch and Bank of America/Merrill Lynch) each move to dismiss Woodard's claims against them on the ground that Woodard has failed to assert a plausible claim under the ADA. Gerber and Merrill Lynch are absolutely and irrefutably correct that the facts alleged by Woodard do not state an ADA claim.  The ADA simply does not apply to the claim asserted by Woodard–that his pension payments have been improperly withheld from him.  Therefore, to the extent that Woodard's claims against Gerber and Merrill Lynch are based upon the ADA, Gerber's motion to dismiss is granted.  The same is true to the extent that Woodard purports to assert a claim based upon Title VII or any other statute that relates to employment discrimination.

However, "[p]leadings must be construed so as to do justice," Federal Rule of Civil Procedure 8(e), and complaints filed by pro se litigants in particular must be liberally construed. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519,

520 (1972)).  As set forth above, Woodard alleges that Gerber and Merrill Lynch improperly suspended his pension payments.  Woodard's complaint also suggests that the pension in question was governed by the Employee Retirement Income Security Act ("ERISA").  Therefore, a liberal reading of Woodard's complaint as it relates to Gerber and Merrill Lynch dictates a finding that Woodard has asserted a claim against those Defendants for improperly suspending his pension payments, which could constitute a violation of ERISA, a breach of contract,[1] or perhaps some other cause of action.

"A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).  Given the allegations in Woodard's complaint, as unclear as they are, the Court cannot say as a matter of law that he has failed to state a claim upon which relief may be granted.  If the facts as Woodard alleges them are true–and the Court must, at this stage, assume that they are–then Gerber and Merrill Lynch were legally and/or contractually obligated to make pension payments to Woodard and stopped doing so without "just cause."  In so alleging, he has adequately–if just barely, and having been given every benefit of the doubt as a pro se litigant–stated a claim against Gerber and Merrill Lynch.  Accordingly, the motions to dismiss filed by Gerber and Merrill Lynch are **GRANTED IN PART AND DENIED IN PART**; that is, the motions are granted as they relate

---

[1]The Court notes that Woodard more clearly asserts the existence of a contract and a breach thereof by Gerber in his response to the instant motion, and "although the plaintiff is required to plead more than bare legal conclusions to survive a motion to dismiss, once the plaintiff pleads sufficient factual material to state a plausible claim-that is, sufficient to put the defendant on notice of a plausible claim against it-nothing in *Iqbal* or *Twombly* precludes the plaintiff from later suggesting to the court a set of facts, consistent with the well-pleaded complaint, that shows that the complaint should not be dismissed."  *Reynolds v. CB Sports Bar*, *Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010).

to any ADA, Title VII, or other employment discrimination claim, but denied in all other respects.

For the benefit of Woodard, the Court will explain in lay terms what this ruling means. It does not mean that the Court finds that he has a valid claim against Gerber and/or Merrill Lynch. The Court expresses no opinion regarding the validity of Woodard's claims at this point. There are many reasons for this, not the least of which is that the Court does not have nearly enough information about Woodard's claim to make such an assessment. It also does not mean that the Court has decided that Woodard is entitled to a trial. While Woodard was not required to plead legal theories in his complaint, Gerber and Merrill Lynch are entitled to use the discovery process to ask Woodard to state clearly what his legal theories are. Once they have done so, it is likely that Gerber and Merrill Lynch will file motions for summary judgment, and at that point Woodard will be required to set forth facts and provide evidence to support those legal theories. If he cannot do so, or if he is unable to articulate a valid legal theory, summary judgment will be entered in favor of Gerber and/or Merrill Lynch. In other words, all this current ruling means is that, with regard to Gerber and Merrill Lynch, Woodard has satisfied the very low standard that a pro se litigant must satisfy to survive a motion to dismiss.

**B. Defendant Indianapolis Public Transportation Corporation's Second Motion to Dismiss (dkt. no. 50) and Defendant McCready & Keene, Inc.'s Motion to Dismiss (dkt. no. 53)**

Both Defendant Indianapolis Public Transportation Corporation ("IPTC") and Defendant McCready & Keene, Inc. ("MK") move to dismiss on the ground that Woodard does not make any allegations against them in his complaint. In fact, IPTC and MK are not mentioned in the body of the complaint at all; they are simply listed in Woodard's "Co-Defendants List." While, as discussed above, the threshold for a pro se litigant to survive a motion to dismiss is low, it is

not so low as to permit a case to proceed against a defendant against whom no allegations are made at all.  Accordingly, the motions to dismiss filed by IPTC and MK are **GRANTED**.

### C.  Defendant Millman, Inc.'s Motion to Dismiss (dkt. no. 107)

Unlike IPTC and MK, Defendant Millman is mentioned in Woodard's complaint. However, the only factual allegation made against it is that it sent Woodard a letter regarding his pension benefits.  It does not allege that Millman made any decisions regarding the suspension of those benefits or that it had the authority to do so.  While Woodard's complaint alleges that Merrill Lynch "illegally suspended" his pension payments and Gerber was obligated to make those payments, it makes no such allegations against Millman.  Accordingly, Woodard has failed to state a claim against Millman, and Millman's motion to dismiss is **GRANTED**.

### D.  Defendant The Prudential Insurance Company of America's Motion for Summary Judgment (dkt. no. 55)

Defendant The Prudential Insurance Company of America ("Prudential") moves for summary judgment on Woodard's claims against it.  The problem is that Woodard has not asserted any claim against Prudential.  Like IPTC and MK, Prudential is not mentioned at all in the body of Woodard's complaint.  Because there is no claim asserted against Prudential, there is no claim on which to enter summary judgment.  However, Prudential, like IPTC and MK, is entitled to be dismissed from this action because, as Prudential asserts in its motion for summary judgment, Woodard has failed to assert a claim against it upon which relief can be granted.[2] Accordingly, Prudential is **DISMISSED** from this action, and Prudential's motion for summary

---

[2]Failure to state a claim upon which relief may be granted is not waived by failing to file a motion to dismiss and may, in fact, be raised as late as trial.  Federal Rule of Civil Procedure 12(h)(2).

judgment is **DENIED AS MOOT**.

### E.  Woodard's Motion to File Amended Complaint (dkt. no. 110)

For the second time, Woodard has filed a motion to amend his complaint.  Also for the

second time, Woodard has failed to comply with Local Rule 15-1, which requires that a motion

to amend a pleading be accompanied by one signed original and one copy of the proposed

amended pleading.  In other words, the Court cannot determine whether Woodard's proposed

amendment should be permitted if the Court has not seen the proposed amended complaint.

Therefore, Woodard's motion to file an amended complaint is **DENIED.**

That said, the Seventh Circuit has directed the following:

> One objective of Rule 8 is to decide cases fairly on their merits, not to debate
> finer points of pleading where opponents have fair notice of the claim or defense.
> See Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").
> Generally, if a district court dismisses for failure to state a claim, the court should
> give the party one opportunity to try to cure the problem, even if the court is
> skeptical about the prospects for success.

*Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).  Accordingly, Woodard may still

seek leave to amend his complaint, including leave to assert claims against the dismissed

defendants.   Any motion to amend Woodard's complaint shall be filed by **February 28, 2012**,

and shall be accompanied by one original and one copy of Woodard's proposed amended

complaint.  Woodard should be aware that if he is granted leave to file the proposed amended

complaint it will completely replace his original complaint.  Therefore, all of his claims must be

set forth in his amended complaint in full; he may not incorporate portions of his original

complaint by reference, and any claim or defendant not included in the amended complaint will

not be part of this lawsuit, even if it is included in the original complaint.  Woodard should state

the facts he alleges against each defendant clearly and specifically and shall set forth the basis

for this Court's jurisdiction over his claims.  In addition, Woodard should not attempt to assert

any form of employment discrimination claim in his proposed amended complaint, as any such

attempt would be futile and would result in the denial of the motion to amend.

Finally, the Court notes from reading various filings made by Woodard in this action that

it appears that his allegations against some of the dismissed defendants may not involve the

suspension of his Gerber pension plan payments, but rather some unrelated wrongs that Woodard

asserts those defendants have committed against him.  Woodard should note that this case is

about the suspension of his Gerber pension plan payments.  Any defendants who were not

involved in suspending those payments or causing them to be suspended do not belong in this

lawsuit.

### III.  **CONCLUSION**

The pending motions in this case have been resolved as follows:

- Defendant Indianapolis Public Transportation Corporation's Second Motion to Dismiss (dkt. no. 50) is **GRANTED** and Defendant Indianapolis Public Transportation Corporation is dismissed from this case;

- Defendant McCready & Keene, Inc.'s Motion to Dismiss (dkt. no. 53) is **GRANTED** and Defendant McCready & Keene, Inc., is dismissed from this case;

- Defendant The Prudential Insurance Company of America is dismissed from this case, and  Defendant The Prudential Insurance Company of America's Motion for Summary Judgment (dkt. no. 55) is **DENIED AS MOOT**;

- Defendant Gerber's Motion to Dismiss (dkt. no. 100) is **GRANTED IN PART AND DENIED IN PART** and Defendant Gerber remains a party to this case;

7

- Defendant Merrill Lynch's Motion to Dismiss (dkt. no. 102) is **GRANTED IN PART AND DENIED IN PART** and Defendant Merrill Lynch remains a party to this case; the Clerk shall edit the party list contained on the court's electronic docket to reflect that the correct name of the defendant is Merrill Lynch, Pierce, Fenner & Smith  Incorporated and shall remove The Retirement Group at Merrill Lynch and Bank of America/Merrill Lynch from the list of parties;

- Defendant Millman, Inc.'s Motion to Dismiss (dkt. no. 107) is **GRANTED** and Defendant Millman (listed on the court's docket as Millman Benefits Service Center) is dismissed from this case; and

- Woodard's Motion to File Amended Complaint (dkt. no. 110) is **DENIED**.

SO ORDERED: 02/01/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**JOHN D. WOODARD**
**6023 Tybalt Drive**
**Indianapolis, IN 46254**

8

Copies to all counsel of record via electronic notification